UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

PAUL R. BUCK SR.,

    Plaintiff,

    v.

CITY OF HAMMOND SCHOOL BOARD,

    Defendant.

Case No. 2:24-CV-00058-GSL-APR

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge Andrew Rodovich's report and recommendation entered on December 10, 2024. [DE 37]. Judge Rodovich recommends that the Court dismiss the case because the parties stipulated to a voluntary dismissal of the case. [*Id.*] ("[T]he plaintiff, Paul R. Buck Sr., made an oral Motion to Dismiss. The defendant, City of Hammond School Board, agreed to dismiss the case and forgo the attorneys' fees ordered by the court on November 26, 2024." (internal citations omitted)).

The parties had fourteen days to object to the magistrate's report and recommendation. Fed. R. Civ. P. 72(b)(2). To satisfy the specificity requirement of Rule 72, an objection must "specify each issue for which review is sought . . . ." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 741 (7th Cir. 1999). *Id.* For portions of the report with sufficiently specific objections, the district court judge will review the recommendations de novo. *Id.* at 739. For portions with no or insufficiently specific objections, the district court judge reviews for clear error. *Id.*

On December 23, 2024—within fourteen days of the magistrate's report—Plaintiff filed an objection. [DE 38]. Plaintiff filed its objection pro se, and the Court construes it liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The objection deals with three issues: 1)

involvement of a magistrate judge rather than only a district court judge, 2) perceived failures of the discovery process, and 3) overall unfairness or bias by the Magistrate Judge. [DE 38]. However, none of these issues relate to the magistrate's report. [DE 37].

Plaintiff failed to object to the issue that is the basis of the magistrate's report: the parties orally agreed to dismiss the case at a telephonic status conference on December 6, 2024. [DE 37]. *See* [DE 36]. Therefore, the Court reviews this issue for clear error. *United States v. Gibson*, 958 F.3d 661, 663 (7th Cir. 2020) (citing *Johnson*, 170 F.3d at 739).

At the December 6, 2024, status conference, the parties verbally exchanged terms for settling the case: Plaintiff agreed to dismiss the case and Defendant agreed to forgo attorneys' fees, which were previously ordered by the Magistrate Judge. [DE 36]. This agreement was memorialized in the magistrate's report and recommendation. [DE 37]. In his objection, Plaintiff does not dispute that he verbally sought to dismiss the case, that the parties' reached a settlement, or otherwise question the merits or enforceability of the settlement agreement. [DE 38]. Instead, his objection was "to the whole process of this case" and was largely an ad hominem criticism of the Magistrate Judge. [*Id.*]. This criticism is without merit, fails to address the parties' stipulation to dismiss the case, and is not relevant to the Court's consideration of this matter.

Accordingly, the Court **ADOPTS** Judge Rodovich's report and recommendation in full, **GRANTS** Plaintiff's oral motion to dismiss, and **DISMISSES** the case with prejudice.

SO ORDERED.

ENTERED: May 23, 2025

/s/ GRETCHEN S. LUND
Judge
United States District Court